FILED 2/20/2020 10:29 AM
2020-DCL-00905 / 40993640
ELVIRA S. ORTIZ
Cameron County District Clerk
By Sofia Herrera Deputy Clerk

2020-DCL-00905

CAUSE NO. _____

| | | |
|---|---|---|
| GAMALIEL RIVERA LUNA | § | IN THE DISTRICT COURT |
| *PLAINTIFF,* | § | Cameron County - 197th District Court |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY | § | |
| *DEFENDANT.* | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

*Comes Now* Plaintiff Gamaliel Rivera Luna, hereinafter referred to as Plaintiff, complaining of and about Defendant State Farm Mutual Automobile Insurance Company, hereinafter referred to as Defendant, and for causes of action files this Plaintiff's Original Petition and First Set of Discovery Requests to Defendant. In support thereof, Plaintiff respectfully shows unto the Court the following:

### A. Discovery Control Plan

1.1    Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

### B. Parties and Service

2.1    Plaintiff is an individual who resides in Cameron County, Texas.

2.2    Defendant State Farm Mutual Automobile Insurance Company is an Illinois corporation, doing business in the State of Texas and registered with the Texas Secretary

of State.  Defendant may be served with process by serving its registered agent for service of process, Corporation Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.  Plaintiff requests citation at this time and will serve Defendant through a private civil process server.

## C.  Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within this Court's jurisdictional limits.

5.      Venue is proper in Cameron County, Texas, under Texas Civil Practice and Remedies Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's cause of action occurred in Cameron County, Texas.

## D.  Facts

4.1     The statements above and below are incorporated and/or adopted here by reference as if set forth verbatim.

4.2     On or about December 20, 2017 Plaintiff suffered personal injuries and other damages when the vehicle he was driving was struck by a vehicle  operated by Jorge Abundis, a person who was an underinsured motorist as that term is defined within the contract for insurance between Plaintiff and Defendant State Farm Mutual Automobile Insurance Company .

## E.  Causes of Action

5.1     The statements above and below are incorporated and/or adopted here by reference as if set forth verbatim.

## **Count One: Declaratory Action**

5.2     Based on the above-stated facts, Plaintiff was covered by an Uninsured/ Underinsured motorist policy issued by Defendant, which provides coverage when Plaintiff are involved in a motor vehicle collision in which their damages exceed the applicable amount of liability insurance held by the third-party torfeasor, thereby making the third-party tortfeasor an underinsured motorist.

5.3     In this case, Plaintiff hereby alleges their damage exceeds the amount of liability insurance proceeds held by the third-party tortfeasor, and therefore he is entitled to their underinsured motorist benefits through their policy with Defendant.

5.4     Plaintiff hereby seeks relief under Chapter 37 of the Texas Civil Practice & Remedies Code, and respectfully request that this Court declare Plaintiff's right to the insurance policy proceeds under that contract.

5.5     Specifically, Plaintiff seeks a declaration

(1) that  Jorge Abundis was an underinsured motorist;

(2) that Plaintiff is entitled to recover from damages resulting from the motor vehicle collision because those damages fall within the coverage afforded to Plaintiff under the policy issued by Defendant,

(3) that Defendant is contractually obligated to pay the full amount of Plaintiff's damages, as well as attorneys' fees, interests, and court costs.

5.6     As a result of Defendant's failure to pay the underinsured coverage benefits owed to Plaintiff, Plaintiff has been forced to incur attorneys' fees and costs in filing this lawsuit, and will continue to incur additional costs in the form of additional attorneys' fees

and other costs in the prosecution of this lawsuit Plaintiff therefore seeks recovery of reasonable and necessary attorneys' fees under Section 37.009 of the Texas Civil Practice & Remedies Code.

### F.  Damages and Texas Rule of Civil Procedure 47(c) Disclosure

6.1     Plaintiff seeks unliquidated damages in an aggregate amount that is within the jurisdictional limits of the Court. Plaintiff seeks only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys fees.

### G. Conditions Precedent

7.1     All conditions precedent have been performed or have otherwise occurred.

### H. Request for Disclosure

8.1     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant discloses the information or material described in Rule 194.2(a) through (*l*) within fifty (50) days of the service of this Plaintiff's Original Petition and First Set of Discovery Requests to Defendant.

### I. Discovery Requests

9.1     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant serves responses to the attached Plaintiff's First Set of Interrogatories, Requests for Production and Requests for Admissions, attached hereto, within fifty (50) days of the service of this Plaintiff's Original Petition and First Set of Discovery Requests to Defendant.

### J. Notice of Intent to Rely on Documents Produced

10.1     Defendant is hereby placed on actual notice of Plaintiff's intent to rely upon

and to utilize any and all documents produced or incorporated by reference by Defendant in response to written discovery pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## **Prayer**

11.1    *Wherefore, premises considered*, Plaintiff respectfully prays that Defendant be cited to appear and answer this suit, and that Plaintiff ultimately has judgment against Defendant for the following:

     a.    Declaratory relief as outlined above; specifically, that Jorge Abundis was an underinsured motorist, that Plaintiff's damages fall within his underinsured motorist coverage portion of their automobile insurance policy and that they recover damages as determined by the finder of fact;

     b.    Reasonable and necessary attorneys' fees;

     c.    Physical pain in the past and future;

     d.    Mental anguish in the past and future;

     e.    Physical impairment in the past and future;

     f.    Medical expenses in the past and future;

     g.    Lost wages;

     h.    Lost earning capacity in the past and future;

     i.    Property damage; including diminished value and/or loss of use;

     j.    Costs of suit;

     k.    Pre-judgment and post-judgment interest; and

l.       All other relief, at law or in equity, to which Plaintiff may be justly

entitled.

Respectfully submitted,

**THE GREEN LAW FIRM, P.C.**
34 S. Coria St.
Brownsville, Texas 78520
Telephone    :  (956) 542-7000
Facsimile    :  (956) 542-7026
jorge@thegreenlawfirm.com
letygarza@thegreenlawfirm.com

By: /s/ Jorge A. Green
        JORGE A. GREEN
        State Bar No. 24038023
        LETICIA GARZA
        State Bar No. 24092405

*ATTORNEYS FOR PLAINTIFF*

## Plaintiff's First Set of Discovery Requests to Defendant

### A. Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### B. Definitions

The following definitions have the following meanings, unless the context requires otherwise:

1.     "Plaintiff" or "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.     "You" or "your" means Defendant, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions and subsidiaries.

3.     "Document" means all written, typed or printed matter and all magnetic, electronic or other records or documentation of any kind or description in your actual possession, custody, control, including those in possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, resumes, logs, worksheets, etc.

4.      "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined.  The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks or highlighting of any kind.  Electronic or magnetic data includes, but is not limited to, the following: computer programs, operating systems, computer activity logs, programming notes or instructions, email receipts, messages, or transmissions, output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines, metadata, PIF and PDF files, batch files, deleted files, temporary files, internet or web-browser generated information stored in textual, graphic or audio format, including history files, cookies or caches, and any miscellaneous files or file fragments.  Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage medica, such as hard drives, floppy disks, CD-ROMS, DVDS, tapes, smart cards, USB storage devices, removable media.  Electronic or magnetic data also includes the file, folder, tabs, container and labels attached to or associated with any physical storage device with each original or copy.

5.      "Possession, custody or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business or legal entity and all predecessors or successors in interest.

7.      "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie or any combination of these devices.

8.      "Identify" or "describe" when referring to a person, means you must state the following:

        A.      The full name.

        B.      The present or last known residential address and residential telephone number.

        C.      The present and last known office address and office telephone number.

        D.      The occupation, job title, employer and employer's address at the time of the event or period referred to in each particular interrogatory.

        E.      In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

9.     "Identify" or "describe" when referring to a document, means you must state the following:

        A.      The nature of the document–e.g., letter, handwritten note, typed

        B.      The title or heading that appears on the document.

        C.      The date of the document and the date of each addendum, supplement or other addition or change.

        D.      The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

        E.      The present location of the document and the name, address, position or title and telephone number of the person or persons having custody of the document.

## C. Standard Interrogatories

**INTERROGATORY 1:** Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories and the responses to the request for production.

**Answer:**


**INTERROGATORY 2**: Describe each separate file containing records, documents, or information relating to Plaintiff's claim or Plaintiff. Include in your description for each file: name, number, descriptive title, custodian, contents and location.

**Answer:**


**INTERROGATORY 3:** Identify by name, employer (if different from Defendant), business address, job tittle and telephone number of the individual who will be Defendant's in-court representative.

**Answer:**


**INTERROGATORY 4:** Identify by name, employer, business address, job title and telephone number and role of each of Defendant's employees, agents, representatives, adjusters, independent adjusters, independent adjusting firms, consultants and any entity or individual acting under any oral or written agreement, who performed any claims work, participated in the evaluation of Plaintiff's claim, and/or claims services of any type or nature, with respect to the insurance claims involved in this litigation.

**Answer:**


**INTERROGATORY 5:** Identify all of your employees who evaluated Plaintiff's claim, authorized settlement offers to be made to, and/or made decisions regarding any adjuster's authority to settle Plaintiff's claim relating to uninsured/underinsured coverage provided to Plaintiff.

**Answer:**


**INTERROGATORY 6:** Identify all criminal convictions of Plaintiff, any parties to the suit, and/or any witnesses which you intend to use at trial for impeachment purposes pursuant

to Rule 609 Tex. R. Civ. Evid.

**Answer:**

**INTERROGATORY 7:** In accordance with TRCP 194.2(d) and 192.3(a), if you are claiming a credit against judgment, please specify the dollar amount claimed in each category of damages claimed as well as specifically how you arrived at and calculated the dollar amount claimed for each category.

**Answer:**

**INTERROGATORY 8:** In accordance with TRCP 194.2(d) and 192.3(a), if you contest any of the economic damages and/or medical bills claimed by the Plaintiff under TRCP 192.4(d), please state, FOR EACH CATEGORY OF DAMAGES or MEDICAL PROVIDER, the category of damages or medical provider being contested, the amount for each category or medical provider being contested, the reason the amount for each category or medical provider is being contested, what you contend the correct dollar amount of damages for each category or medical provider should be, and the method of calculating what you contend to be the correct dollar amount of damages.

**Answer:**

**INTERROGATORY 9:** If you have information regarding any other claims for personal injury of any type which were made or potentially made by the Plaintiff, Defendant or any other party to this lawsuit, please state all information you have regarding any such claim, the other parties involved in the claim, the injuries claimed in such incident, any medical providers involved in any treating any injuries made in the claim, any insurance company and claim number of the claim as well as the disposition of such claim.

**Answer:**

**INTERROGATORY 10:** State each and every factor which you now contend or will contend at trial caused or contributed to the Plaintiff's damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiff. Additionally, please state generally what facts lead you to believe that such act or omission caused or contributed to the incident.

**Answer:**

**INTERROGATORY 11:** State the procedures relied upon and the criteria utilized by Defendant in its investigation of Plaintiff's claim to evaluate and place a dollar value on her claim.

**Answer:**


**INTERROGATORY 12:** Please state the amount of all settlement offers made by you in an effort to resolve Plaintiff's claim prior to suit being filed and the method you used and how you calculated this amount and/or Plaintiff's damages. Additionally, please identify the persons involved in arriving at such figure.

**Answer:**


**INTERROGATORY 13:**
Please state if you are denying coverage, asserting an exclusion or breach of the contract by Plaintiff, or defending this case conditionally or on reservation of rights. If yes, please explain in detail.

**Answer:**


**INTERROGATORY 14:**
Please list, describe and identify all documents that support any and all:

      (a)     condition(s) precedent to bringing this lawsuit against you that Plaintiff has not met, and

      (b)     any terms and conditions of the insurance agreement that Plaintiff did not comply with, and

      (c)     any exclusions you assert are applicable to the demand for Uninsured/Underinsured Motorist Benefits.

**Answer:**


**INTERROGATORY 15:** Identify any statements that have been taken by Defendant or taken on Defendant's behalf, relating to this litigation or the claim which forms the basis of this lawsuit, including statements from any party or witness, and do the following:

a. Identify the person who gave or made the statement.
b. Specify the date when the statement was taken.
c. Identify the person who took the statement.
d. State whether the statement was recorded, regardless of medium (e.g., paper or

electronic), and if so, identify the material.
e. State whether defendant will, without a formal request to produce, attach a copy of all statements described in the answer to this interrogatory.

**Answer:**


**INTERROGATORY 16:** If anyone performed an investigation of this case on your behalf, please identify the following:
(a)The date upon which each such investigation was begun.
(b)The name, address and telephone number of all persons conducting the investigation.
(c)The names, addresses and telephone numbers of all persons the investigator has contacted and indicate whether a written statement was obtained.
(d)Identify all reports, statements, photographs and any other documents obtained and/or generated pursuant to said investigation.

**Answer:**


**INTERROGATORY 17:** If you have information regarding any other claim for personal injury of any type which were made or potentially made by the Plaintiff, Defendant or any other party to this lawsuit, please state all information you have regarding any such claim including the date of claim, the type of claim, the name of the person making the claim, the other parties involved in the claim, the injuries claimed in such incident, any medical providers involved in treating any injuries made in the claim, any insurance company and claim number of the claim as well as the disposition of such claim.

Claim would include any claim for injury such as liability claim, automobile accident claim, any on the job injury claim, Personal Injury Protection Claim, Med-Pay claim, Workers Compensation Claim, Claim under the Longshore and Harbor Workers Relief Act, and/or Claim under an ERISA policy for personal injury.

**Answer:**

**Plaintiff's First Set of Requests for Production to Defendant**

**REQUEST FOR PRODUCTION 1:** A copy of the entire claims file and/or adjuster logs, including but not limited to, photographs, statements, notes, memorandums, tables, computer generated information and other written documents contained therein, which were generated in connection with the injury to Plaintiff that forms the basis of the above-captioned lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 2:** Please furnish a copy of written or other documentation of the investigation of the claim in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION 3:** Please provide photographs, motion pictures, videotape, maps, drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the vehicles in question, the scene of the accident, or the area, persons or objects involved, either made at the time of, or after the time of the events in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION 4:** Provide complete and unaltered copies of correspondence, memoranda, reports, e-mails, facsimile transmissions, and all other documents evidencing communications between Defendant and its: 1) adjusters; 2) employees, 3) officers; 4) agents; 5) representatives; 6) independent adjusters; and/or 7) independent adjusting firms, that relate or pertain to the insurance claim(s) involved in this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION 5:** Investigative reports relating to the claim and/or incident in question, including documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein, which were generated or obtained by or on behalf of the Defendant before a reasonable person would have concluded from the circumstances that there was a substantial chance of litigation, or which were generated or obtained by or on behalf of the Defendant in the ordinary course of business.

**RESPONSE:**

**REQUEST FOR PRODUCTION 6:** Please provide copies of work papers, notes,

documents in the file of an expert witness you may call to testify on behalf of Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION 7:** Please provide written or other documentation concerning factual observations, tests, supporting data, calculations, photographs and opinions of each consulting expert witness who will not be called to testify but whose opinions or impressions have been reviewed by an expert who may be called to testify, including but not limited to any reports prepared by or under the direction of such person, including any recording or transcripts thereof of any oral report.

For requests 8-13 "Consulting Expert" means any expert who has been informally consulted, retained, or specially employed by you, or by any other Defendant, in anticipation of litigation or preparation for trial or deposition, but who will not be called to testify, whose opinions and/or mental impressions, including any documents, tangible things, test results, factual observations, data, or work product containing such mental impressions and opinions, have been reviewed by a testifying expert. "Consulting Expert" does not include an expert who has been informally consulted, retained, or specially employed by you in anticipation of litigation or preparation for trial or deposition who will not be called to testify, whose opinions and/or mental impressions have not been reviewed by a testifying expert.

**RESPONSE:**

**REQUEST FOR PRODUCTION 8:** Documents and tangible things including reports, physical models, compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, and other material in any form whatsoever, prepared by, reviewed by, and/or relied upon by each consulting expert.

**RESPONSE:**

**REQUEST FOR PRODUCTION 9:** Documents and tangible things including reports, physical models, compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, and other material in any form whatsoever, prepared for, reviewed by, and/or relied upon by each consulting expert.

**RESPONSE:**

**REQUEST FOR PRODUCTION 10:** A recent resume or curriculum vitae for each and every consulting expert.

**RESPONSE:**

**REQUEST FOR PRODUCTION 11:** A bibliography for each and every consulting expert.

**RESPONSE:**

**REQUEST FOR PRODUCTION 12:** Letters, correspondence, documents, and tangible things exchanged between you, as that term is defined herein above, and each consulting expert which contain any compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, and other information in any form whatsoever, relating to the scene of the incident, the cause of the incident, the items or facilities involved in the incident, persons witnessing the incident, and persons which were involved or near the scene of the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION 13:** Reports, in any form whatsoever, from each and every consulting expert who participated in the evaluation of Plaintiff's uninsured motorist claim made the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 14:** A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the incident including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION 15:** Copies of documents and testimony Defendant has obtained through the use of depositions upon written questions, or by use of an authorization furnished to Defendant by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION 16:** Documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that complies claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau and all similar persons or entities.

**RESPONSE:**

**REQUEST FOR PRODUCTION 17:** Written documents, including police reports and/or accident reconstructions describing the investigation of the subject incident conducted by any person, including Defendant prior to the time suit was filed.

**RESPONSE:**

**REQUEST FOR PRODUCTION 18:** Peer reviews, audits, medical summaries, memoranda, notes, letters, and other documents relating to the medical records Plaintiff has submitted for payment under the policy and/or injuries claimed by the Plaintiff in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION 19:** Documents relating to the amount(s) set aside and/or placed in reserve regarding Plaintiff's bodily injury claim in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION 20:** Documents relating to any and all notices you received from Plaintiff regarding the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 21:** Records of every telephone conversation regarding Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION 22:** Liability work-ups or reports relating to Plaintiff's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION 23:** Documents relating to your use of computer programs (including, but not limited to, COLOSSUS) in reviewing and/or evaluating claims of injury in motor vehicle accidents.

**RESPONSE:**

**REQUEST FOR PRODUCTION 24:** Documents relating to your use of computer programs (including, but not limited to, COLOSSUS) in reviewing and/or evaluating Plaintiff's claims of injury in the motor vehicle accident that forms the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 25:** Documents, including but not limited to, books and manuals, used by your employees to assist in their evaluation of automobile accident bodily injury claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION 26:** Documents, including but not limited to, books and manual, used by your employees to assist in their evaluation of underinsured motorist claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION 27:** Records, reports, statements or data compilations you contend are a public record or report under Rule 803(8) of the Texas Rules of Evidence. This request does not refer to records, statements or other data compilations which have no bearing on any issue in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION 28:** Complete and legible photocopies or audible recordings of any written or oral statement you or anyone acting on your behalf has obtained from Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION 29:** Documents relating to any settlement, deal, agreement or any other understanding of any kind (verbal, written or otherwise) which you or your attorney or anyone else acting on your behalf have made with any other person or party with respect to this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 30:** Documents which support criminal records of any party or witness which you contend are relevant impeachment evidence.

**RESPONSE:**

**REQUEST FOR PRODUCTION 31:** Reports from each and every expert you have employed or consulted in connection with this litigation (excluding only those you positively aver were employed for consultation purposes and who will not be called to testify herein) reflecting said experts' factual observations, tests, supporting data,

calculations, photographs and/or opinions.

**RESPONSE:**

**REQUEST FOR PRODUCTION 32:** A copy of all insuring agreements relating to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION 33:** A complete copy of the automobile insurance policy in effect on the ***date of loss*** covering Plaintiff's automobile involved in the motor vehicle accident made the basis fo this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 34:** All reports, memoranda, or other documents related to your evaluation of Plaintiff's claim for benefits relating to any other claims Plaintiff has made.

**RESPONSE:**

**REQUEST FOR PRODUCTION 35:** All documents relating to any initial determination, temporary determination, tentative determination , or final determination, as to whether or no any claims made by Plaintiff were payable or not payable.

**RESPONSE:**

**REQUEST FOR PRODUCTION 36:** Copies of any personal notes, documents, or memoranda relating to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION 37:** All documents relating to the amount of any loss reserves that you have established, set aside, or reported relating to any of the claims in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 38:** Copies of correspondence, communications and/or documents sent to or received from, or exchanges by and between you and Plaintiff, her agents, employees, or representatives concerning the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 39:** Copies of any payments made by Defendant or any other insurance company regarding any claims related to Plaintiff's motor vehicle accident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 40:** Any and all treatises, periodicals and pamphlets that you may offer or use in the trial of this case under Rule 803(18) of the Texas Rules of Evidence.

**RESPONSE:**

**REQUEST FOR PRODUCTION 41:** Please produce any documents that support your contentions or responses contained in your responses to any of the interrogatories of Plaintiff's First Set of Interrogatories to Defendant.

**RESPONSE:**

## <u>VERIFICATION</u>

THE STATE OF TEXAS          §

                                                §

COUNTY OF _____    §

         BEFORE ME, the undersigned authority, a notary public, on this day personally appeared _____**,** an authorized agent for **State Farm Mutual Automobile Insurance Company,** and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers to interrogatories; and every statement contained in the answers is within his/her knowledge, and is true and correct.

                                           _____

                                           Signature - Authorized Agent for
                                           **State Farm Mutual Automobile Insurance Company**

                                           _____

                                           Printed Name - Agent for
                                           **State Farm Mutual Automobile Insurance Company**

                                           _____

                                           Position with **State Farm Mutual Automobile Insurance Company**

         SUBSCRIBED AND SWORN TO BEFORE ME by _____ on this the _____ day of _____, 2020, to certify which witness my hand and official seal.

                                           _____

                                           Notary Public, State of Texas

                                           _____

                                           Printed/typed name of Notary

                                           My Commission Expires:

                                           _____